**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **RON T. WILLIAMS**, | No. 08-16516 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00528-PMP-GWF |
| v. | |
| **LAS VEGAS METROPOLITAN POLICE DEPARTMENT**, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted October 19, 2009
Tempe, Arizona

Before: **SANDRA DAY O'CONNOR**, Associate Justice (Ret.),[**] **KOZINSKI**, Chief Judge, and **IKUTA**, Circuit Judge.

Williams has not shown that the Las Vegas Metropolitan Police Department

used his multiple acts of misconduct as "a pretext for disability discrimination."

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.) sitting by designation pursuant to 28 U.S.C. § 294(a).

Collings v. Longview Fibre Co., 63 F.3d 828, 833 (9th Cir. 1995). Thus, he has "presented no triable issue under the ADA." Id. Williams's equal protection claim fails because alcoholics are not a suspect class, see, e.g., Bonner v. Lewis, 857 F.2d 559, 565 (9th Cir. 1988), and penalizing him for his misconduct was not irrational. His due process claim fails because he had no property or liberty interest in either the possibility of promotion or in avoiding transfer into a different unit. See, e.g., Nunez v. City of Los Angeles, 147 F.3d 867, 871–874 (9th Cir. 1998). Finally, Williams's claim for emotional distress fails because transferring Williams to a different unit and denying him a promotion was not an "extreme and outrageous" response to his rampant misconduct. Hirschhorn v. Sizzler Restaurants Int'l, Inc., 913 F. Supp. 1393, 1400 (D. Nev. 1995).

**AFFIRMED.**